We'll hear the next case United States v. Vargas Good morning, Your Honors. My name is Brendan White, and together with Mitchell Ellman, I represent Marilyn Vargas in this appeal. Mr. Ellman was defense counsel in the district court. This is a unique, literally unique case, as far as I can tell, in terms of the district court having denied the additional third point for acceptance of responsibility, in which both the government expressly moved that it was warranted, and the probation department in the pre-sentence report stated. Is it your position that the district court has no say if the government moves that the motion must be granted? Our position, and I submit to you the law of this circuit, is that the government does not have discretion. Our secondary argument, the court of course, the district court does not have discretion, and secondarily, even if the district court does have discretion, that it committed clear error here. Let's focus on the secondarily part. Let's assume the district court does have discretion. Mr. Ellman is on notice at some point in the brief colloquy with Judge Caponi that she is disinclined to give the third point, but did not follow up and say, Judge, we'd like to make a record. Please ask the government of what work specifically remained to be done between now and the trial date. In other words, if your argument is that the judge abused her discretion in denying the third point, there's a very sparse record as to what the remaining work to be done by the government was, as of the point at which the defendant noticed her interest in pleading. How come there was no defense request to flesh out that record? I would venture, frankly, Your Honor, that everybody was completely taken by surprise by that because of the fact that this was unprecedented. I did substantial amount of research on this, and there were no cases that Mr. Ellman repeatedly said, but it's in the presents report, they asked for it. The government, and of course, the government did go on record. The judge, what I nevertheless submit was really not the way things are supposed to work, did engage in some speculation as to how things might have played out in preparation for trial. Part of it is also whether the court is able to allocate resources efficiently. Doesn't the court have a say in that? It does, of course. We all know, obviously, that many cases plead out within a month. At this point, the decision to enter a plea was entered roughly a month before the scheduled trial date. I did point out in my brief that Mr. Ellman had alerted the court that he had a lengthy trial, and that took up several months of his time prior to the anticipated plea here. And otherwise, it would have been resolved very quickly in this case. Well, Mr. White, I thought you were going to say that the judge made no reference to any inconvenience to the court. That is absolutely true, Your Honor. What the judge talked about in denying this was that the government was wrong in saying that it had been saved substantial time, because maybe they could have tried the case using only the witnesses who had already testified and been prepared to testify at the suppression hearing. But there was nothing by the court to say that, and besides that, now I can't fill that trial time, now, you know, my calendar is disrupted by having this last minute or last month, monthly plea, and there's nothing of that sort. You're absolutely correct, Your Honor, and yes, that is what I was going to say, and it's absolutely true. The judge, for whatever reason... The judge would be happy if the trial went away at the last moment, because then suddenly you have free time. Yes, I would think so. And as noted, the judge had been advised a month prior to the trial that this was going to result in a plea. It is not something... You know, there are many cases where people have complained about the lack of a third point where it was literally on the morning of jury selection. Beyond that, your client moved for a suppression hearing three months and a week before the trial date. Whatever caused the suppression hearing to be moved closer to the trial date, that's not on your client, right? In other words, your client can't be blamed for the short amount of time that was left between the conclusion of the suppression hearing and the trial. Your client... Again, that is correct, Judge Engelmeyer. Yeah. And it is worth pointing out that... It's a motion. It implies that the district court has to rule on it. It can't be that if it were supposed to be automatic, it would say that, but the court has a say in whether to grant it. Well, this is going back towards the discretion question, which... I don't think it's a matter of discretion. It's a matter of a factual finding. The court has to find whether the facts that give rise to an adjustment apply. And in this case, the reference in the statutory text is to a motion. And the reference in the commentary to the guideline talks about what the court does in determining the motion. So there's a lot to indicate. I don't think it's a question of discretion. The court here didn't say, well, yes, all the conditions are met, but I think this is discretionary. And in my discretion, I think the defendant is a bad guy, so he shouldn't get this extra point or any other external reason why he shouldn't get the point. The court said, I don't find the facts that I need to find in order to grant this adjustment. Well, the commentary is very helpful there, Your Honor, because it makes clear that the government is in the best position to make the determination of whether its time has been saved. And that may be a reason for a remand to ask the judge to be clearer about exactly what her findings are and to give due deference to the government's assessment in making that judgment. But that's a far cry from saying that at the end of the day, the fact that the government made the motion is dispositive. And it would be very easy for Congress to have written something that changed the rule as it did with changing the rule to put the government's motion in. It would have been very easy to say, if the defendant gets acceptance of responsibility and if the offense level is over 16, and if the government certifies that its time was saved, then grant one extra point. But it didn't do that. It said the third condition is on motion of the government that specifies all these different facts, which is not actually English, I'm afraid, but it's a minimum ambiguous, I think. But it certainly sounds as if, if you're saying it's a motion, motions are requests to the court to do something or find something. And they can be granted or denied in appropriate circumstances, no? That is true, Your Honor. I think it's important in my brief time allowed to point out that in Lee, this court made very clear that preparation for a hearing is not preparation for trial. Granted, that was a fatico hearing there and it was a pretrial suppression hearing here, but nevertheless, the same amount of work inevitably applies. The same dynamics apply. Fatico hearings can go on for days. As I understand it, the suppression hearing here was actually quite short, only two witnesses, and lasted possibly half an hour, maybe a little bit longer than that. You had the ability to seek, in effect, the world's shortest fatico hearing, a quick hearing that would have elicited, primarily through questioning of the AUSA, what, in fact, the remaining work needed to be done by the government. There may well be a good basis for a remand, notwithstanding your request, but the easy way to solve this in the moment would have been to say, Your Honor, Mr. Soberman says there would be additional witnesses. Can you inquire as to what that would be so we have a full record as to how much time was saved by the plea? To the extent that a remand is appropriate, of course, we would agree to that. Your Honors are aware of our request that it be remanded to a different district court judge for the reasons we make clear in our brief. One thing that is obvious, though I don't know what the government would have said about it, is the informant didn't testify at the suppression hearing because the informant's testimony about what had preceded it didn't really precede the events of the seizure. It didn't really matter that much. That's true, which could have been. Again, it's difficult to read a crystal ball, which is why it's expressly limited to trial and not a hearing. But yes, indeed, the trial and preparation for the trial, including dealing with an informant, could have, and I suspect would likely, have created substantial additional work for the government. Have the parties agreed to a stipulation from the chemist, for example, as to the drugs was that a remaining aspect of work that would have had to be done had the case proceeded to trial? I'm advised by district court counsel that, yes, there was such a stipulation. That was not a... Pardon me, Your Honor. That there was not a stipulation. So that might or might not have been an area of additional safe work. Indeed, Your Honor. All right. Thank you. We have time for rebuttal. We'll hear from the government. May it please the Court, Your Honors.     I'm here to testify on behalf of the Supreme Court. I'm here to testify on behalf of the Supreme Court. I represent the United States on this appeal and in the district court below. I want to start by correcting a factual error that counsel made. He stated, I believe, that the suppression hearing lasted a half an hour. That is very much incorrect. It took place over several hours, over two days. In fact, the scheduled time, I believe, was four hours or so the first day, and we actually had to go to the second day because the judge ran out of time. So that is an error. However, the amount of testimony was substantial in this case. In addition— But if there was a trial, you'd have to have jury selection. You'd have to submit requests for instructions. I suppose in a case like this that's pulling something out of the files and reproducing it to submit to the court, you'd have to decide on a strategy for jury selection. You'd have to figure out whether you wanted to use the informant or not or whether there was additional evidence that ought to be provided. And if, of course, you decided that there would, then you'd have to prepare those witnesses for the trial. Yes. Yes, Your Honor. There are a few other things that— And that's pretty much what you told the judge. Yes, Your Honor. There were a few other things that the government had not yet done that it would have done. Can you unpack that? Because you told Judge Papone, but the ruling was almost immediate thereafter. There were additional witnesses. Can you proffer to us what that meant? Yes, Your Honor. I think it's actually Your Honor's point that you raised earlier. What I had in my mind at that time was we likely would call a witness to talk about the chemical tests of the drugs that were seized. That's not something we had discussed with counsel because in the nature of the suppression hearing, the suppression hearing ends at the point where the drugs are seized and the facts that it actually was drugs weren't relevant to the court's determination. That likely would have been resolved by stipulation. It's not something we had discussed. Aside from that, I'm not sure what other witnesses we would have considered aside from the C.I. And to Judge Lynch's question to counsel, the C.I. did not testify not because what he told the agents was not relevant or what had happened was not relevant, but because we were able to get in his statements by hearsay through the agents. So it actually was important to the probable cause. You wouldn't be able to do the same thing at a trial. That's correct, Your Honor. And we hadn't made a final decision about if the case went to trial, would we call the C.I. as a witness or not. We may have, we may not have. But Judge Caponi's intuition that we could structure the trial without the C.I. is correct, but that's not a final decision we had made. Are you aware of assistant U.S. attorneys who are going to trial on a case of this sort not spending any time with agent a month earlier? They had spent time preparing the witnesses for a suppression hearing? No, of course, Your Honor. We would have spent additional time with the agents preparing them for trial, but Judge Caponi was correct insofar as the suppression hearing really was a mini-trial. I mean, she reasonably viewed it in the way that she articulated, which is it was roughly two-thirds of a trial. What was your thinking in making the motion for the third point? Yeah, Your Honor, I think this presents kind of a close question, and the position in the plea agreement and the motion we made was a result of conversations with the defense. We were approximately a month out from trial. We, in accord with the rule, with the guidelines, wanted to incentivize a plea that was sufficiently in advance of trial that we didn't have to do the additional pieces of work that Your Honors have keyed in on. And, you know, in our mind, we were preparing for the suppression hearing, and we knew that if it went to trial, which we thought it might, there was going to be a vast overlap, which is... Does this perhaps suggest that when the government moves for the third point in the future, at least if it's occurring under circumstances that are reasonably close to trial, some greater elaboration as to what the time and cost savings would have been, would be in order here? Because we're looking at, I would surmise, a real possible remand to essentially flush out that record so that it can be determined rather than... Other than on a intuitive sense, without any follow-up of your question, your statement that there was more. Yeah, Your Honor, respectfully, we don't think a remand is necessary here. Judge Capone sat through the suppression hearing for two days. She knew that there essentially were two witnesses that would testify at the trial, what their testimony was. She sat through it in great detail. We put in a number of exhibits, both physical and photographs, and she heard essentially what the testimony would be from the CI if he were to testify. Would the result here be different if the suppression hearing had been scheduled instead of two or three weeks before trial, or shortly before trial, a month after the motion had been made? In other words, the exact same hearing plays out, and then the defendant agrees to plead. There's still exactly the same amount of work that remains to be done. It looks to me as if a large part of what's happened here is that the judge was influenced by the proximity of the plea relative to the trial date, that that's a function of the schedule. Your Honor, I actually think the court's principal basis was the amount of work the government had done. And I think Your Honor just thinks of a timeline for a moment. The motion was fully briefed in June of 2018. It was made in April, right? It was made... It was either April or May. But at that time, at the time the motion was made, the trial had been adjourned already to August. The defendant's motion was made on April 30th. The trial at that point, under the schedule then set, the trial was going to be August 6th. Yes, Your Honor. I don't see that the defendant in any way moved slowly here. The defendant acted with dispatch. The scheduling of the hearing was when the schedule of the hearing was, but one can reasonably infer that if the defendant intended to plead guilty, had the evidence not been suppressed, the defendant would have equally have done so had the hearing been scheduled earlier. This then looks completely different. And it's hard to believe the district judge wouldn't give the third point if the same events had played out a month or two before when they did. Your Honor, I respectfully disagree. I think the court's principal basis here was that the government's preparation for the suppression hearing, in the district court's mind reasonably, was the vast majority of what the government's work would have been to prepare for the trial. Where does the vast majority come from? The record? You didn't say that. Your Honor, the district court said that it constituted two-thirds of the trial, and I believe I agreed. But you entered this agreement with the defendant that you would make this motion for one point and then you did. Yes, Your Honor. Isn't one of the reasons for entering the plea agreement precisely that it would, if the defendant does plead guilty, that saves the government a lot of time and resources? There's also, you get certainty, although this doesn't, once the suppression doesn't happen, this is not a high-risk trial for the government, right? So you wanted him to plead guilty. You wanted him to plead guilty then. He did plead guilty then, and you agreed to give the one point and then you made the motion. I understand that the government has some responsibility to defend the district court here, but it's a little odd to see the government do something, first of all, I've rarely seen the government do, which is to disavow any argument that the defense is making that the government has absolute discretion over something at the expense of the district judge. And then secondly, you're arguing against the motion that you made, presumably in good faith. Now, of course, you can take the position, it's perfectly reasonable to take a position that, well, yes, we made the motion in good faith, but the judge has her authority and she said we were wrong. But it's not easy for me to see why it is clear on this record that the government's representation is not correct, that the government saved a substantial amount of time that it would have otherwise had to put in to trying the case and preparing the case. No, the standard here is clear error. And we think the judge certainly could have granted our motion. She had discretion to do that. I think we made an adequate record that would have supported that. But the district court also had an adequate record before it to deny the motion. We stand by our plea agreement. Procedural error, though, not necessarily a substantive one. Judge Capone may come out with the same result if there's a bleeming. The procedural error is the rush to judgment about the amount of time that was saved here where you're saying there are additional witnesses and there's no follow-up question of, you know, who and how long. Your Honor, we think the record is adequate. The judge did ask, did explain that she understood that if the trial went forward, the C.I. might testify or not. That was correct. I agreed with the court when it posited that. There really isn't much more to say about it. Certainly, had the court asked more questions, I would have answered them. Had the defense asked – Is there any degree of deference at all that's owed by the court to the government's representations as to the government's savings? That's a separate question than something the government really can't know about, which is savings of time or efficiency or inefficiency to the court's calendar. But with respect to the government's representations, is this something that the judge can just speculate? Well, I think you could have tried this case using just these two witnesses, so what's the big deal? Your Honor, respectfully, I don't think the court was speculating. She asked me, was this two-thirds of the trial? Would you have other witnesses? And I believe I agreed with her because what she was saying was accurate. Now, a reasonable judge could take a view that our motion should be granted, based on the fact that we could have done and would have done, as Judge Lynch pointed out, some additional work for a trial. I don't agree with the two-thirds proposition. She made the two-thirds statement, and after she says two-thirds, you don't speak again until she rules. I trust Your Honor's reading of the record. I apologize if I misstated it. Had I disagreed, I would have spoken up, but obviously that's a hypothetical. I do think that's accurate, and she did make a record about the two witnesses that she heard extensive testimony from. But, again, if you read the transcript, what you say is the government's view was that we had not been preparing for trial. We were preparing for the suppression hearing. The court, and it would be the same witnesses. You said it would be some of the same witnesses. There would be additional witnesses for trial. Yes, Your Honor. And then what the court responds to that is true, but are you saying you did not have to do substantial trial preparation work to prepare for the suppression hearing? Which sounds to me like she's focused on the work you've already done and that that's a problem, rather than what remains to be done or doesn't remain to be done. I think the district court was correctly focused on the criteria and the guideline, which is, is the government essentially benefiting in a way that it can avoid doing substantial work on this case in preparation for trial? The government made the motion because in our mind we had been preparing for the suppression hearing, as I said on the record, understanding that much of that preparation would be preparation for trial if it went forward, which we thought it very well may. The district court took a very reasonable view, we think, in denying our motion, and it's simply not clear error. In the event of a remand, would you be standing by your agreement that the third point was appropriately given? Yes, Your Honor. Thank you. Thank you. Thank you, Your Honors. I don't have too much to add at this point, other than that, as we've just heard, the government continues to maintain its position that the third point was warranted. The guidelines commentary have made it clear that that's because the government is in the best position to know that. With respect to what could have happened, I know I said I don't like to read a crystal ball, but I think it's safe to assume that, as Your Honor pointed out, jury selection obviously would have taken place. That's always a lot of work. The lab technician would have had to testify and the confidential informant. Was the district court wrong in saying this was probably two-thirds of the trial? Do you disagree with that? Probably, yes. I would say that that was clear error. It was obviously an important part of the trial, but two-thirds in terms of time, in terms of the key question, the effort that had to be taken to prepare for trial, I would say absolutely not, Your Honor. There was not... The sentence within the guideline range as she calculated it with the third point denied, there's nothing I take in the record that indicates, there's no statement by her that indicates that the result would have been the same had she given the third point credit, right? That is correct, and I submit that the result would not have been the same had she given that third point. Thank you. Thank you, Your Honors.